IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| In re: | |
|---|---|
| **CHENG & COMPANY, LLC,** | **Bankr. Case No. 23-00104-ELG** |
| Debtor. | **Chapter 11** |

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

John P. Fitzgerald, III, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or, in the alternative, dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On April 17, 2023, the Debtor filed this case under chapter 11 of the Bankruptcy Code. Dkt. No. 1.

4. The Debtor is a single asset real estate case, whereby the entirety of the value to the estate is the piece of property the Debtor owns at 619 H Street, N.W., Washington, DC 20001 ("Property").

5. The Debtor representative and 50% owner is Anthony Cheng.

6. Upon information and belief, the Debtor's property consists of two rental spaces for restaurants. One space is currently being rented by Jumbo Seafood Inc. The second rental space is vacant and not generating any income.

Office of United States Trustee
Sara Kathryn Mayson
Trial Attorney, NC Bar # 55280
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-0423
sara.kathryn.mayson@usdoj.gov

1

7. Upon information and belief, Jumbo Seafood Inc. is owned, at least in part, and operated by Anthony Cheng.

8. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

9. At the time of filing this Motion, the Debtor has failed to file two monthly operating reports.

10. Upon information and belief, prior to filing for bankruptcy, the Debtor had entered into a contract to sale the Property that included a $200,000.00 deposit.

11. On or about June 5, 2023, the undersigned counsel was made aware by both secured creditor United Bank's counsel and then by Debtor's counsel that the Debtor representative, Anthony Cheng, had signed a Mutual Release Agreement with the contract purchaser to void the sale contract and agreed to return a non-refundable $200,000.00 deposit to the contract purchaser without court approval.

12. Upon information and belief, the Debtor representative was not able to and/or allowed to return the $200,000.00 deposit.

13. On June 26, 2023, the undersigned counsel was copied on an email from Debtor's counsel to secured creditor United Bank requesting authorization to pay a monthly insurance premium from United Bank's cash collateral.

14. The insurance for which the premium is due was obtained May 26, 2023.

15. Upon information and belief, the Debtor has financed this insurance policy, post-petition, without seeking approval from the Court to incur post-petition debt, by Premium Finance Agency, LLC.

16. The Debtor has also appeared to grossly mismanage the estate and there appears to be a continuing loss or diminution of the estate with an absence of a reasonable likelihood of rehabilitation.

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1). The Bankruptcy Code provides 16 examples of "cause." 11 U.S.C. § 1112(b)(4). This list, however, is non-exhaustive and other acts or failures to act may also constitute cause. *See* H.R. Rep. No. 595, 95th Cong., 2d Sess. 406, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5963, 6362 ("The list is not exhaustive. The court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases.").

Cause exists to grant the requested relief under 11 U.S.C. § 1112(b)(4)(A), (B), and (F) for continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, and unexcused failure to satisfy timely filing of monthly operating reports.

*Continuing Loss or Diminution of the Estate*

Under § 1112(b)(4)(A), cause exists to dismiss or convert a case where there is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation". To demonstrate that causes exists under § 1112(b)(4)(A), "the moving party must demonstrate that there is both a continuing loss to or diminution of estate assets and (2) an absence of a reasonable likelihood of rehabilitation." *In re Westgate Props., Ltd.*, 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010). "To satisfy the first prong, a movant may demonstrate that the debtor continues to incur losses or maintains a negative cash-flow position after the entry of the order for relief" or

that the debtor's assets have declined in value since the case was commenced." *In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013) (citations and quotation marks omitted). The second prong, reasonable likelihood of rehabilitation, is different and "much more demanding standard than 'reorganization'", *In re Brutsche*, 476 B.R. 298, 301 (Bankr. D.N.M. 2012), and looks to the ability "to stem the debtor's losses and place the debtor's enterprise back on a solid financial footing within a reasonable amount of time", *In re Costa Bonita Beach Resort, Inc.,* 479 B.R. 14, 42 (Bankr.D.P.R.2012). "The purpose of § 1112(b)(1) is to 'preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation.'" *Loop Corp. v. U.S. Trustee (In re Loop Corp.)*, 379 F.3d 511, 516 (8th Cir. 2004) (quoting *In re Lizeric Realty Corp.*, 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995)). In the case of a single asset real estate case, like this one, where a creditor moves for and is entitled to relief from the automatic stay, rehabilitation is unlikely. *In re Creekside Sr. Apartments, L.P.*, 489 B.R. at 62.

Upon information and belief, there is a continuing loss or diminution of the estate. While Monthly Operating Reports have not been filed, at the § 341 meeting of creditors the Debtor representative testified that that the Debtor was not current on all post-petition debts. The Debtor's source of income is renting building space to Jumbo Seafood, Inc. Jumbo Seafood, Inc. is owned, at least in part, by Debtor representative Anthony Cheng. The Debtor has allowed Jumbo Seafood, inc. to continue occupation and incurrence of expenses, despite Jumbo Seafood's inability to make full and timely payments for rent. Even if Jumbo Seafood pays full rent, it is only enough to cover the monthly interest payment to United Bank and nothing more. At the same time, there is another vacant space in the Property on the first floor that, upon information and belief, has not had a tenant for at least three years and the Debtor has not been able to find anyone to rent the space.

4

Meanwhile, the estate continues to accrue interest on secured loans where there is no equity in the property, administrative expenses, unpaid taxes, and was required to finance insurance premiums. The case is continuing to operate into further illiquidity. Where a debtor "has little to no income, and liabilities are swiftly increasing" there is "substantial and continuing loss or diminution of the estate." *In re McQuillen Place Co., LLC*, 609 B.R. 823, 830 (Bankr. N.D. Iowa 2019).

The Debtor has recently applied to employ a realtor sell the Property at a price significantly higher than the estimated value of the Property. The Debtor's strategy is to liquidate the only asset at a price that appears to be less than the liens securing the Property. The Debtor therefore is not attempting to reorganize and cannot be rehabilitated. Upon information and belief, the Debtor has attempted to sell the property over an extended period of time, with no success. A continuation of the reorganization effort would only further harm and not benefit creditors. This is the situation that § 1112(b)(1) seeks to prevent, the gambling of the Debtor at the expense of creditors. Because there is a continuing loss or diminution of the estate by the continuous financial flexibility the Debtor shows to its only tenant, inability to find a second tenant, inability to previously secure a buyer, and absence of reasonable likelihood of rehabilitation based on the income to liability ratio, this case should be dismissed or converted to chapter 7.

*Gross Mismanagement*

Section 1112(b)(4)(B) provides that gross mismanagement of the estate is cause for dismissal or conversion. The analysis focuses on the management of the estate after the bankruptcy case has been filed. A debtor-in-possession is vested with significant power under the Bankruptcy Code and such power comes certain responsibilities. *See In re Domiano*. 442 B.R. 97, 105 (Bankr. M.D. Pa. 2010). A debtor-in-possession owes a fiduciary duty to its creditors. *In re G-I Holdings, Inc.*, 385 F.3d 313, 319 (3d Cir. 2004). Gross mismanagement of the estate is a breach of that duty.

"Courts have generally found gross mismanagement of the estate where debtors fail to seek court approval before taking certain actions outside the ordinary course of business." *In re Creech*, 538 B.R. 245, 251 (Bankr. E.D.N.C. 2015).

The Debtor representative has grossly mismanaging the estate since the Debtor filed for Bankruptcy in April. At the time the bankruptcy was filed, there was no insurance on the Property in the Debtor's name. It was only after the U.S. trustee filed a motion to dismiss or convert did the Debtor finally obtain insurance coverage almost six weeks after filing. Recently, it became clear that in order to get the insurance coverage, the Debtor financed insurance premiums without court approval. This is in violation of § 364, despite being told during the § 341 meeting of creditors that any post-petition financing would have to be approved by the Court and the Debtor representative affirmed that he understood.

In addition to failure to obtain appropriate approval for post-petition financing, the Debtor representative attempted to inappropriately, and without Court approval, divert significant estate property in the form of returning a non-refundable $200,000.00 deposit. The attempted return of the deposit was from a sales contract the Debtor had entered with another individual to sell the Property. Upon information and belief, the purchaser was a friend or colleague of the Debtor representative. To fulfill its fiduciary duties as debtor-in-possession, a debtor much "protect and conserve property in its possession for the benefit of the creditors." In re Ozcelebi, 639 B.R. 365, 394 (Bankr. S.D. Tex. 2022) (citation omitted). The Debtor attempted to do the exact opposite.

The Debtor has failed to file the April and May monthly operating reports. The lack of financial information and condition of the Debtor is particularly important in this case were post-petition actions raise concerns about how the estate's money is being used. The multiple actions that did or attempted to act in violation of the Bankruptcy Code is also troubling since the Debtor

6

and Debtor representative are familiar with the Chapter 11 process, having filed Chapter 11 bankruptcy previously in 2015 with Anthony Cheng acting as Debtor Representative in that case as well.

These instances, in addition to failing to file monthly operating reports, demonstrates the Debtor representative's indifference to the Bankruptcy system and rules and gross mismanagement of the estate by showing favoritism to his friends and other businesses at the expense of the Debtor's creditors. The gross mismanagement of the case warrants dismissal or conversion to chapter 7 under § 1112(b)(4)(B).

*Failure to File Monthly Operating Reports*

The Debtor's failure to file complete monthly operating reports, including monthly bank statements, reconciliations, and copies of the check registers, in accordance with the United States Trustee's guidelines, makes it impossible to determine whether or not the Debtor is appropriately accounting for income and expenses during the bankruptcy case. This is especially true where it appears that there have been multiple financial decisions and actions that violate the Bankruptcy Code taken post-petition.

"Monthly operating reports provide necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's reorganization efforts." *ABCD Holdings, LLC v. Hannon (In re Hannon)*, 512 B.R. 1, 19 (Bankr. D. Mass. 2014) (citations and internal quotations omitted). "Without these reports, the [U.S. Trustee] and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization." *In re Whetten*, 473 B.R. 430, 383 (Bankr. D. Colo. 2012). "The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for the debtor's ability to

reorganize." *Id.* at 384. Consequently, "[r]efusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case." *In re Costa Bonita Beach Resort, Inc.*, 513 B.R. 184, 199 (Bankr. D.P.R. 2014) (citations and internal quotations omitted). "The failure to file monthly operating statements . . . 'whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings.'" *Id.* (citation omitted).

Even if the Debtors were to file all the monthly operating reports that are past due, the Debtors' delay in filing would itself constitute cause to convert or dismiss this case under § 1112(b). Cause, as defined in § 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F); *see also In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

*Conclusion*

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2).[1] The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). For the exception to apply, the debtor must either: "(a) demonstrate that unusual circumstances exist that would make dismissal or conversion unfavorable

---

[1] Section 1112(b)(1) does provide that an alternative to dismissal or conversion is an appointment of a chapter 11 trustee if it is in the best interests of creditors and the estate. Secured Creditor United Bank has filed a motion that seeks in the alternative to stay relief the appointment of a chapter 11 trustee. U.S. Trustee does not believe that such request is in the best interests of the creditors and estate where there is no equity in the Property and chapter 11 trustee expenses would be burdensome.

to the creditors or estate; or (b) establish that a plan will be confirmed and that the act or omission that forms the basis for the aforementioned cause to dismiss or convert will be cured within a reasonable period of time." *In re Park*, 426 B.R. 811, 815 (Bankr. W.D. Va. 2010); see also *Warren v. Young (In re Warren)*, No. 08-31697, 2015 WL 3407244, at *4 (9th Cir. BAP May 28, 2015) (determining that to defeat a prima facie case, (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of the creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time).

The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the interest of the creditors of the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

June 30, 2023                                JOHN P. FITZGERALD, III
                                             ACTING U.S. TRUSTEE, REGION 4


                                             By:  /s/ Sara Kathryn Mayson
                                             Sara Kathryn Mayson
                                             Trial Attorney, NC Bar # 55280
                                             1725 Duke Street, Suite 650
                                             Alexandria, VA 22314
                                             (703) 557-0423 (Direct Dial)
                                             (202) 841-8501 (Office Cell)
                                             sara.kathryn.mayson@usdoj.gov

## Certificate of Service

I hereby certify that on June 30, 2023, I electronically filed the foregoing Motion along with the Notice of Motion and Hearing and Proposed Order with the Clerk of the Court and transmitted a true and correct copy of said documents electronically through the electronic case filing system or by first class United States mail, postage prepaid to the following:

**Cheng & Company L.L.C.**
619 H Street, N.W.
Washington, DC 20001

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- **Darrell W. Clark**    darrell.clark@stinson.com, Siobhan.rudolph@stinson.com
- **Ronald Jay Drescher**    rondrescher@drescherlaw.com, 284@notices.nextchapterbk.com
- **Kristen S. Eustis**    Kristen.S.Eustis@usdoj.gov
- **David V. Fontana**    dfont@gebsmith.com
- **Sara Kathryn Mayson**    sara.kathryn.mayson@usdoj.gov
- **Tracey Michelle Ohm**    tracey.ohm@stinson.com, porsche.barnes@stinson.com
- **U. S. Trustee for Region Four**    USTPRegion04.DC.ECF@USDOJ.GOV
- **Ruiqiao Wen**    ruiqiao.wen@stinson.com

/s/ *Sara Kathryn Mayson*