**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | 23-00104-ELG |
| CHENG & COMPANY L.L.C., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| ) | |

**TRUSTEE'S MOTION TO REJECT CERTAIN
INSIDER COMMERCIAL LEASE AND REQUIRE INSIDER
COMMERCIAL TENANT TO VACATE FORMERLY LEASED PREMISES**

Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Cheng & Company L.L.C. ("Debtor"), by and through proposed counsel, McNamee Hosea, P.A., and as his *Motion To Reject Insider Commercial Lease And Require Insider Commercial Tenants To Vacate Formerly Leased Premises* (the "Motion"), respectfully submits the following:

1. This case commenced on April 17, 2023, when the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court. The case converted to Chapter 7 on July 26, 2023.

2. Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.

3. The Debtor has been found to be a single-asset real estate entity as defined by 11 U.S.C. § 101(51B). [Dkt. No. 27]. The Debtor's real property is located at 619 H Street, N.W., Washington D.C. 20001 ("Property").

4. The Debtor leased the Property to an insider entity, Jumbo Seafood, Inc. ("Jumbo"). Both entities are controlled the Debtor's principal, Tony Cheng. The Debtor originally provided creditors a copy of a lease with Jumbo that expired prior to the bankruptcy. **Exhibit A.** However, after the Trustee engaged a realtor, the Debtor provided an apparently

newly-discovered lease that expires in 2027, with an option to extend for five years (the "Discovered Lease," attached as **Exhibit B**).

5. The Trustee's realtors have advised the Trustee that the Property would be easier to market vacant.

6. Pursuant to the Discovered Lease, Jumbo is required to pay the Debtor $20,000 per month, meaning that at the very least $120,000 has come due post-bankruptcy.

7. Since the filing of the petition, Jumbo has paid the Debtor at most $45,958.00, the amount in the Debtor in Possession Account on conversion).

8. The Trustee planned to question the Debtor about the Discovered Lease, at a continued meeting of creditors. However, the principal of the Debtor was not able to unmute himself on the Zoom recording.[1]

9. The failure of the Commercial Tenants to pay rent has significantly compromised the sale value of the Debtor's Property and will make it difficult for the Trustee to generate sufficient revenues to pay the costs of maintaining the Property.

10. The Trustee has sent timely notification of default of the Lease on September 18, 2023. Exhibit C.

11. The failure to pay rent when it becomes due and payable is an event of default under the lease if that failure continues for ten days after Jumbo receives notice from the landlord that rent is due and payable.

12. By this Motion, the Trustee in the exercise of his reasonable business judgment, seeks to: (a) reject the Discovered Lease; (b) obtain a determination that the Trustee properly

---

[1] The Debtor was able to participate in the first meeting of creditors by audio only. However, the Debtor claimed the inability to understand important questions due to language barriers.

terminated the tenancy in accordance with the terms of the Discovered Lease; and (c) require Jumbo to vacate the formerly leased premises in accordance with the lease agreements and pursuant to generally applicable D.C. law.

13. The failure to pay rent when it becomes due and payable is an event of default under the Discovered Lease if that failure continues for ten days after Jumbo receives notice from the landlord that rent is due and payable. Exhibit B, ¶16.

**14. By this Motion, the Trustee hereby sends written notice to Jumbo that the Discovered Lease is terminated.**

15. As a result, Trustee is authorized to reenter the Property and expel Jumbo. See Exhibit A, ¶16.

## RELIEF REQUESTED

16. The Trustee seeks entry of an order authorizing the Trustee on behalf of the Debtor and Bankruptcy Estate to: (a) determine the Trustee properly terminated the Discovered Lease; (b) reject the Discovered Lease; and (c) require Jumbo to vacate the premises.

17. The Trustee has properly terminated the lease agreements and given notice of the termination. As set forth above, the lease for Jumbo is terminable for non-payment of rent. As a result, at most, Jumbo's rights are limited to those of a holdover tenant and can be forced to vacate upon 30 days-notice under generally applicable D.C. Law. See D.C. Code § 42–3202 ("A commercial tenancy from month-to-month . . . may be terminated by a 30-day notice in writing from the housing provider to the tenant to quit[.]").

18. The Trustee hereby provides notice and seeks an order compelling Jumbo to vacate by November 13, 2023. Because the Trustee has the right to seek that relief under the

Discovered Lease and generally applicable law, the Court should determine the leases were properly terminated and order Jumbo to vacate the Debtor's property by November 13, 2023.

**II. Rejection of the Leases Reflects the Trustee's Sound Business Judgment.**

19.     Given that the Discovered Lease has either been properly terminated by the Trustee in accordance therewith or the lease terms have expired, formal rejection of the Discovered Lease may be unnecessary. However, to the extent that the Discovered Lease may have been in effect as of the Petition Date, or was arguably not properly terminated, the Trustee seeks authority to reject any obligation the Bankruptcy Estate may have under the Discovered Lease for the avoidance of any doubt as to the Estate's obligations.

20.     Section 365(a) of the Bankruptcy Code provides that a Trustee, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). *See also In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 225 (4th Cir. 2005).

21.     This section allows a Trustee, for the benefit of the estate, to relieve itself of burdensome agreements where performance still remains. *See In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("[T]he authority to reject an executory contract is vital to the basic purpose of a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." (*quoting NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984) (alteration in original))); *In re Park*, 275 B.R. 253, 255 (Bankr. E.D. Va. 2002); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (stating that section 365 "allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed" (citation omitted)).

22. A trustee's rejection of an executory contract is governed by the "business judgment" standard. *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046 (4th Cir. 1985). The business judgment standard requires a court to approve a trustee's business decision unless that decision is the product of bad faith or gross abuse. *See, e.g., Lubrizol*, 756 F.2d. at 1047; *Quality Inns Int'l, Inc. v. L.B.H. Associates Ltd. P'ship*, 911 F.2d 724 (4th Cir. 1990).

23. Upon finding that a trustee exercised sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a decision to assume or reject an executory contract "should be granted as a matter of course").

24. Rejection of the Discovered Lease is well within the Trustee's business judgment and is in the best interest of this Bankruptcy Estate. Jumbo id in breach of their leases and owe tens of thousands of dollars in unpaid rent to the Bankruptcy Estate and generally applicable law permits the Trustee as landlord to terminate the leases. Jumbo's continued occupancy of the premises without authorization harms the Debtor, the Bankruptcy Estate, and greatly diminishes the value of the Bankruptcy Estate's real estate. In fact, absent the ability to remove Jumbo and terminate the Discovered Lease, the Trustee will have significant difficulty selling the Property as potential purchasers will not want to buy into litigation.

25. The Trustee thus seeks to reject the Discovered Lease, pursuant to section 365(a) of the Bankruptcy Code. The Trustee in his business judgment has concluded that the benefit, if any, to the Bankruptcy Estate, of attempting to maintain the Discovered Lease, to the extent it is

even in force, outweighs any benefit to the Bankruptcy Estate and that receipt of reasonable rental payment from Jumbo in the future is unlikely. Accordingly, the Trustee has concluded that rejection of the Discovered Lease is in the best interest of the Bankruptcy Estate, creditors, and other parties-in-interest.

**III. The Court Should Compel Jumbo to Deliver Possession to the Trustee or in the Alternative Compel Payment of Rent.**

26. When a Debtor-Lessor rejects a lease, the tenant has a choice: The tenant may treat the lease as terminated and vacate the premises or the tenant may retain possession of the premises if they are able to honor the terms of the lease under generally applicable law. *In re Scharp*, 463 B.R. 123, 129–130 (Bankr. C.D. Ill. 2011); *see also Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1659 (2019) ("[I]f a bankrupt landlord rejects a lease, the tenant need not move out; instead, she may stay and pay rent, just as she did before, until the lease term expires."). The Bankruptcy Code in Section 365(h) provides certain protections to tenants when a Debtor-Landlord rejects a lease. However, on rejection, the Code does not give tenants more rights than they had under non-bankruptcy law. *Scharp*, 463 B.R. at 132–33 (holding that the Bankruptcy Code "preserves certain tenant rights but it does not enhance them"). The Code merely provides that the lessee of a rejected lease "may retain its rights," under the rejected lease. 11 U.S.C. § 365(h)(1)(A)(ii). These rights may include a "right of possession" but "only to the extent that such rights are enforceable under applicable nonbankruptcy law." Id. (emphasis added). As one Court summarized:

> The rights of a lessee whose lease has been rejected by a lessor-debtor are narrowly circumscribed by the precise language of § 365(h). That Code section, . . . allows only a lessee the choice to remain in possession under the terms of the lease. It does not provide that the lease continues, but merely accords a lessee the choice to remain in a rented premises under the terms of the lease.

Case 23-00104-ELG    Doc 87    Filed 10/12/23    Entered 10/12/23 14:50:58    Desc Main
Document    Page 7 of 9

*In re Carlton Restaurant, Inc.*, 151 B.R. 353, 356 (Bankr. E.D. Pa. 1993). As a result, if a tenant cannot abide by the terms of the lease, they cannot assert a right of possession under § 365(h). "If the circumstances are such that the tenant would have lost its tenancy under state law, the intervening bankruptcy of its landlord does not alter this result." *Scharp*, 463 B.R. at 133.

27. Here, given the default under the leases and the failure to pay rent, even after notice and termination by the Trustee, Jumbo has no present right to occupy the premises under generally applicable non-bankruptcy law. See D.C. Code § 42–3210 (providing that upon expiration of a lease or following notice of termination, the landlord may bring an action of ejectment to recover possession of the premises). As a result, Jumbo cannot rely on § 365(h) to protect any right of possession because this right is not enforceable by them under applicable nonbankruptcy law. This Court should compel the Jumbo to vacate the premises. In the alternative, to the extent the Court does not order the tenants to vacate and award possession in favor of the Trustee, the Court should enter an order compelling the Jumbo to pay rent, including the past-due post-petition rents, that are payable under the Discovered Lease. The Bankruptcy Code provides tenants a choice to either vacate the premises when their lease is rejected or stay by completing their obligations under the lease, including the payment of rent, in accordance with their rights (if any) under applicable non-bankruptcy law. While the Trustee does not believe Jumbo has any applicable state law rights, given the expiration and/or termination of their lease agreements, if such rights do exist, Jumbo must fulfill its end of the bargain by bringing rent current and continuing to pay monthly rent in accordance with their lease agreements.

WHEREFORE, Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Cheng & Company L.L.C. ("Debtor") respectfully requests that the Court enter an order

(a) determining the Trustee properly terminated the Discovered Lease; (b) authorizing the Trustee to reject the Discovered Lease; (c) requiring Jumbo to vacate the premises or in the alternative compel those parties to immediately pay past-due rent, and all expenses, due under the Discovered Lease and to comply with all obligations under the Discovered Lease until the completion of any remaining term; and (c) order such other relief as the Court deems appropriate under the circumstances.

Dated:  October 12, 2023

Respectfully submitted

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2023, I served a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314

Jumbo Seafood, Inc.
c/o Julie Yun Li Cheng
619 H Street, N.W.
Washington DC 20001

Jumbo Seafood Restaurant, Inc.
c/o Anthony C. Y Cheng, Registered Agent
619 H Street, N.W.
Washington DC 20001

/s/ Justin P. Fasano
Justin P. Fasano