The order below is hereby signed.

Signed: November 20 2023



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | 23-00104-ELG |
| CHENG & COMPANY L.L.C., | CHAPTER 7 |
| Debtor. | |
| WENDELL WEBSTER, Chapter 7 Trustee for CHENG & COMPANY L.L.C., | Adv. Proc. No. 23-10031-ELG |
| Plaintiff. | |
| vs. | |
| REN YONG CAI a/k/a RENYONG CAI, et al. | |
| Defendant, | |

## CONSENT ORDER

WHEREAS, on April 17, 2023, Cheng & Company, L.L.C. filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court, which was converted to Chapter 7 on July 26, 2023.

WHEREAS, Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.

WHEREAS, the Debtor owns a three (3) story commercial building known as 619 H Street, N.W., Washington, DC ("Property").

WHEREAS, the Trustee has asserted that Debtor entered into a Contract of Sale dated February 28, 2023 for the sale of the Property with Renyong Cai a/k/a/ Ren Yong Cai ("Contract Defendant"), who is a defendant in this case, pursuant to the Contract of Sale as amended by an Amendment to Contract of Sale dated March 7, 2023 and a Second Amendment to Contract of Sale dated April 10, 2023 (the "Contract"), that was attached to the Complaint as Exhibit A.

WHEREAS, the Trustee has asserted that Contract Defendant paid a $200,000 deposit (the "Deposit") to Settlement Corp. (the "Escrow Defendant") to hold in escrow as an initial payment towards the purchase price under the Contract.

WHEREAS, the Trustee has asserted that pursuant to the Contract, the Contract Defendant defaulted in its obligation to purchase the Property, and that the Trustee is entitled to forfeiture of the Deposit.

WHEREAS, the Trustee has sued the Contract Defendant for, *inter alia*, breach of the Contract in this adversary proceeding.

WHEREAS, the Escrow Defendant is holding the Deposit.

NOW THEREFORE, based on the recitals set forth above, and the agreement of the Trustee and the Escrow Defendant, as evidenced by the signatures of the parties and/or their counsel below, it is, by the United States Bankruptcy Court for the District of Columbia ("Bankruptcy Court"), hereby ORDERED:

1. The Escrow Defendant shall hold the Deposit until the Bankruptcy Court rules on the Trustee's claims against the Contract Defendant.

2. To the extent that the Bankruptcy Court orders that the Trustee and not the Contract Defendant is entitled to the Deposit, the Escrow Defendant shall, pursuant to 11 U.S.C.§ 542, turn over the Deposit to the Trustee within fourteen days of the entry of such order, unless such order is stayed.

3. This order is not a monetary judgment against Escrow Defendant.  The Trustee will not seek a monetary judgment against the Escrow Defendant unless the Escrow Defendant does not turn over the Deposit as set forth in paragraph 2.

4. Based on the foregoing, any requirement of the Escrow Defendant to respond to the Complaint in this adversary proceeding is waived until further order of this Court.

I ASK FOR THIS

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

/s/ Todd Deckelbaum
Todd Deckelbaum, Esq.
5301 Wisconsin Avenue, NW
Suite 310
Washington, DC  20015
202-537-0005 x 104
tdeckelbaum@settlementcorp.com