IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | 23-00104-ELG |
| CHENG & COMPANY L.L.C., ) | CHAPTER 7 |
| ) |  |
| Debtor. ) |  |
| ) |  |

**MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ANY AND ALL
LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)**
**(**619 H Street, N.W., Washington D.C. 20001**)**

**COMES NOW,** Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Cheng & Company L.L.C. ("Debtor"), by and through proposed counsel, McNamee Hosea, P.A., and files his *Motion to Sell Property Free and Clear of Any and All Liens and Interest Pursuant to 11 U.S.C. § 363(f)* (the "Motion"), and in support thereof, states as follows:

**PARTIES AND JURISDICTION**

1. This case commenced on April 17, 2023, when the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court. The case converted to Chapter 7 on July 26, 2023.

2. Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.

3. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the Local Rules of the United States Bankruptcy Court for

---

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

the District of Columbia. This is a "core proceeding" in which this Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157.

4. The Trustee consents to entry of final orders and judgments by this Court.

## STATEMENT OF FACTS

5. The Debtor has been found to be a single-asset real estate entity as defined by 11 U.S.C. § 101(51B). [Dkt. No. 27]. The Debtor's real property is located at 619 H Street, N.W., Washington D.C. 20001 ("Property").

6. According to a title report conducted on the Property, the Property is encumbered by the liens outlined below.

7. The Property is encumbered by a certain Deed of Trust, Security Agreement, and Assignment of Contracts, Leases and Rents dated February 15, 2012 (the "Deed of Trust"), recorded in the land records of the District of Columbia Recorder of Deeds, to Michael P. Fitzgerald and Gaile Binder, substitute trustee, recorded on February 21, 2012 as Instrument No. 2012017390, securing Bank of Georgetown (the predecessor in interest to United Bank) in the amount of $4,000,000.00. United Bank asserts that it is owed $3,723,060.67, with a per diem of $761.47.

8. The Property is encumbered by a second Deed of Trust, dated March 27, 2020 and recorded on March 27, 2020 as Instrument No. 2020041098, securing PCH Investments LLC ("PCH") in the original principal amount of $700,000.00.

9. The Property is encumbered by a third Deed of Trust, dated May 12, 2021, and recorded on July 28, 2021 as Instrument No. 2021101958, securing Howard Bank, as predecessor in interest to Yellow Breeches Capital, LLC ("Yellow Breeches") in the original principal amount

of $2,000,000.00. Yellow Breeches did not provide direct consideration to the Debtor and is secured by other non-Debtor collateral.

10. The Property is encumbered by a Deed of Trust, dated June 15, 2022 and recorded on June 24, 2022 as Instrument No. 2022068308, securing EagleBank in the original principal amount of $1,425,000.00. Eaglebank did not provide direct consideration to the Debtor and is secured by other non-Debtor collateral.

11. The Property may also encumbered by various water and sewer liens from the District of Columbia Water and Sewer Authority and real estate taxes.

12. The Property was subject to a lease with Jumbo Seafood Restaurant, Inc. ("Jumbo"), a restaurant owned and operated by Tony Cheng, the principal of the Debtor.

13. The Debtor originally provided creditors a copy of a lease with Jumbo that expired prior to the bankruptcy. **Exhibit A.** However, after the Trustee engaged a realtor, the Debtor provided an apparently newly-discovered lease that expires in 2027, with an option to extend for five years (the "Discovered Lease," attached as **Exhibit B**).

14. Jumbo is an insolvent entity that owes nearly $600,000 in sales taxes, and was significantly on its rent).

15. Pursuant to the Discovered Lease, the Tenant Debtor was required to pay the Landlord Debtor $20,000 per month. The failure to pay rent when it becomes due and payable is an event of default under the lease if that failure continues for ten days after the Tenant Debtor receives notice from the landlord that rent is due and payable.

16. In the year since the filing of the Landlord Debtor's petition, the Tenant Debtor has paid the Landlord Debtor *at most* $85,958.00 (the amount in the Debtor in Possession Account on

3

conversion, plus four post-conversion monthly payments of $10,000.00). The Trustee does not concede that all these payments constituted rent.

17. The Trustee sent timely notification of default of the Lease on September 18, 2023. **Exhibit C.**

18. Accordingly, on October 12, 2023, the Trustee moved to reject the Discovered Lease and for turnover of the Property. Landlord Debtor Docket No. 87.

19. Additionally, on October 12, 2023, the Trustee sent notice of termination of the Discovered Lease. **Exhibit D.**

20. On November 3, 2024, the Trustee and Jumbo attended a hearing, and agreed to a resolution, embodied by this Court's *Order Granting in Part Trustee's Motion to Reject Certain Insider Commercial Lease and Require Insider Commercial Tenant to Vacate Formerly Leased Premises* (the "Rejection Order," Landlord Debtor Dkt. No. 98).

21. Pursuant to the Rejection Order, it was:

**ORDERED**, that [Jumbo] shall remove all of its property from the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001] not later than midnight February 29, 2024; and it [was] further

**ORDERED**, that on March 1, 2024, the Trustee shall be entitled to immediate and exclusive possession of the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001], and [Jumbo] shall have no rights to possess or occupy the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001]; and it [was] further

**ORDERED**, that in the event [Jumbo] does not vacate the Property prior to midnight February 29, 2024, the Trustee shall be entitled to any and all such writs as this Court may issue to enable the Trustee to utilize the United States Marshalls to evict Jumbo from the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001] and remove and/or dispose of any remaining personal property of [Jumbo] from the [Debtor's real property located at 619 H Street, N.W., Washington D.C. 20001].

Docket No. 98, p. 2.

22. On January 16, 2024, this Court entered an order allowing the Landlord Tenant's lender, United Bank, relief from stay, to foreclose on the Property, effective June 1, 2024. Docket No. 108.

23. On March 20, 2024, this Court entered authorizing the Trustee to utilize the U.S. Marshall's service to conduct an eviction of Jumbo. Docket No. 112.

24. Jumbo filed a petition in bankruptcy on March 27, 2024, case no. 24-00090-ELG.

25. On September 21, 2023, this Court entered an order authorizing the Trustee to retain Marcus and Millichap Real Estate Investment Services' Zupancic Group ("Marcus and Millichap") and to pay Marcus and Millichap a 4% commission at closing without further order of the Court.

26. Marcus and Millichap has fully exposed the property through an exhaustive nine month marketing process. During that period, Marcus and Millichap achieved numerous executed confidentiality agreements, sent out thousands of emails culminating in a 'Call for Offers' that resulted in eight written offers. Following the 'Call for Offers', the final purchase price of $4,250,000.00. Marcus and Millichap ran an extremely collaborative process with the eventual purchaser.

27. As the culmination of that process, the Trustee proposes to sell the Property. The Trustee currently has a purchase agreement, proposing to sell the property for $4,250,000.00 to MR 619 H Street A LLC or its assigns ("Purchaser"). A copy of a purchase agreement is attached as **Exhibit E.** The Purchase Agreement requires approval by the Bankruptcy Court and closing within 20 days approval of entry of the order of approval. Purchase Agreement, ¶ 4. The Purchase Agreement provides for a $200,000.00 deposit, with no contingencies, other than bankruptcy court approval and delivery of the Property vacant.

28. The Purchaser is a third party with no known connections to the Trustee, the Debtor, the estate or any creditors. The Purchaser was not in contact with any other potential purchasers and the purchase agreement was negotiated at arms-length. The Purchaser is affiliated with Monument Realty, an extremely prolific real estate investor in the District of Columbia.

29. The Trustee proposes to sell the Property free and clear of all liens. The net proceeds of the sale of the Property, if any, after satisfaction of any and all valid liens on the Property and the costs of sale, will be held by the Trustee pending the Court's determination of the amount, if any, of net proceeds that should be distributed to junior lienholders.

30. Pursuant to § 363(f)(1), the Trustee may sell the Property free and clear of liens if the lienholder will be paid in full. Pursuant to § 363(f)(2), the Trustee may sell the Property free and clear of liens if the lienholder consents to the sale. Pursuant to § 363(f)(5), the Trustee may sell the Property free and clear of liens if the lienholder could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

31. With regard to United Bank, the Trustee expects to pay United Bank in full or obtain their consent to a reduced payoff. Accordingly, 11 U.S.C. § 363(f)(1) and (2) are satisfied.

32. With regard to PCH, the Trustee expects to obtain their consent to a reduced payoff. Accordingly, 11 U.S.C. § 363(f)(2) is satisfied. Further, if the Trustee is unable to sell the Property free and clear of liens, United Bank will proceed with a foreclosure against the Property. It is unlikely that the Property will sell at a price that would enable all liens to be paid or any junior liens to be partially paid. Furthermore, PCH would not be required to be paid in full pursuant to a Chapter 11 plan. Accordingly, there exists a legal or equitable proceeding in which PCH could be compelled to accept a money satisfaction of its interest pursuant to 11 U.S.C. § 363(f)(5).

33. With regard to Yellow Breeches and EagleBank, the Trustee expects to obtain their consent to a reduced payoff. Accordingly, 11 U.S.C. § 363(f)(2) are satisfied. Further, if the Trustee is unable to sell the Property free and clear of liens, United Bank will proceed with a foreclosure against the Property. It is unlikely that the Property will sell at a price that would enable all liens to be paid or any junior liens to be partially paid. Furthermore, Yellow Breeches and EagleBank would not be required to be paid as a secured creditor pursuant to a Chapter 11 plan. Accordingly, there exists a legal or equitable proceeding in which Yellow Breeches and EagleBank could be compelled to accept a money satisfaction of its interest pursuant to 11 U.S.C. § 363(f)(5). Finally, Yellow Breeches and EagleBank did not provide direct consideration to the Debtor. Accordingly, there is a *bona fide* dispute as both of their liens pursuant to 11 U.S.C.§ 363(f)(4).

34. Further, the Trustee seeks an approval of a carveout from any lien or assignment of rents for the estate and unsecured creditors, from the above-listed lenders, in the amount held in the Trustee's bank account ("Carveout"), currently $61,022.19, pursuant to 11 U.S.C. § 506(c) and the anticipated consent of each secured creditor. Each of the lenders listed above shall be allowed to file unsecured deficiency claims, and participate as unsecured creditors in the distribution of the Carveout, after payment of administrative expenses.

35. Further, the Trustee seeks an order determining that Jumbo has no interest in the Property and the purchaser will have no duties or obligations to Purchaser.

36. Further, pursuant to the Court's order authorizing the employment of Marcus and Millichap, the Trustee requests specific authority to pay Marcus & Millichap its 4% commission at closing. The Trustee further requests authority to pay all real estate taxes, transfer fees, water and sewer liens, and other reasonable and necessary costs of sale at closing.

37. Further, as outlined above, the Purchaser has no connection with the Debtor, the estate, any creditor, or any other party in interest in case. The Property has been extensively marketed, and the Purchaser submitted the highest and best bid possible. Bidders were not in contact with each other, and therefore the Trustee asserts that no collusion was possible. The contract was negotiated at arms-length. Accordingly, the Trustee asserts that it is appropriate for the Court to find that the Purchaser, or any higher bidder approved by the Court, is a good faith purchaser pursuant to 11 U.S.C. § 363(m).

38. As outlined above, the estate is currently incurring over $700 a day in interest, as well as real estate taxes and other expenses. Stay relief is effective June 1, 2024. The expeditious sale of the Property is necessary for compliance with the Purchase Agreement. Accordingly, the Trustee requests that the Court enter an order waiving any stay applicable pursuant to Federal Rule of Bankruptcy Procedure 6004(h).

**WHEREFORE**, Wendell W. Webster, Chapter 7 Trustee, respectfully respects that this Honorable Court:

**A.** **ORDER** that the Trustee be authorized to sell the Property to the Purchaser free and clear of liens pursuant to 11 U.S.C. § 363(f);

**B.** **DETERMINE** that the purchaser has no obligation under any lease with Jumbo Seafood Restaurant, Inc.;

**C.** **ORDER** that the Trustee be authorized to pay all liens and costs of sale as set forth above, including realtor's commissions;

**D.** **ORDER** that the Purchaser, or any approved higher bidder, is a good faith purchaser pursuant to 11 U.S.C. § 363(m);

8

**E.** **ORDER** that any stay applicable pursuant to Federal Rule of Bankruptcy Procedure 6004(h) or similar rule is waived; and

**F.** **APPROVE** the Carveout described above; and

**G.** **ORDER** such other and further relief as this Court may deem just, equitable, and proper.

Dated:  April 18, 2024                                          Respectfully submitted

/s/ Justin Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2024, I served a copy of the foregoing was served via first class mail, postage prepaid, or where indicated, by CM/ECF, upon the following:

Nancy L. Alper on behalf of Creditor Office of the Attorney General for the District of Columbia
nancy.alper@dc.gov

Darrell W. Clark on behalf of Creditor United Bank
darrell.clark@stinson.com, Siobhan.rudolph@stinson.com

Ronald Jay Drescher on behalf of Debtor In Possession Cheng & Company L.L.C.
rondrescher@drescherlaw.com, 284@notices.nextchapterbk.com

Kristen S. Eustis on behalf of U.S. Trustee U. S. Trustee for Region Four
Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

David V. Fontana on behalf of Creditor Yellow Breeches Capital LLC
dfont@gebsmith.com

Sara Kathryn Mayson on behalf of U.S. Trustee U. S. Trustee for Region Four
sara.kathryn.mayson@usdoj.gov, Robert.W.Ours@usdoj.gov

Tracey Michelle Ohm on behalf of Creditor United Bank
tracey.ohm@stinson.com, porsche.barnes@stinson.com

Kenneth L. Samuelson on behalf of Creditor Renyong Cai
ksamuelson@samuelson-law.com

Daniel Staeven on behalf of Creditor Jumbo Seafood Inc.
daniel.staeven@frosttaxlaw.com,
U. S. Trustee for Region Four
USTPRegion04.DC.ECF@USDOJ.GOV
Ruiqiao Wen on behalf of Creditor United Bank
ruiqiao.wen@stinson.com

Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

DC Water & Sewer Authority
c/o David L. Gadis, CEO
5000 Overlook Avenue, SW
Washington, DC 20032

Jumbo Seafood, Inc.
c/o Julie Yun Li Cheng
619 H Street, N.W.
Washington DC 20001

Jumbo Seafood Restaurant, Inc.
c/o Anthony C. Y Cheng, Registered Agent
619 H Street, N.W.
Washington DC 20001

Merrick Garland Esq.
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530

Office of U.S. Attorney
Attn: Civil Process Clerk
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530

Maurice "Mac" VerStandig, Esq.
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
mac@dcbankruptcy.com
(By e-mail and mail)

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
31 Hopkins Plaza, Rm 1150
Baltimore, MD 21201

Marty Zupancic
Marcus & Millichap
7200 Wisconsin Ave
Suite 1101
Bethesda, MD 20814

/s/    Justin Fasano
Justin P. Fasano