Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Jumbo*
*Seafood Restaurant, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-104-ELG |
| | ) | (Chapter 7) |
| CHENG & COMPANY L.L.C. | ) | |
| | ) | |
| Debtor. | ) | |

**OPPOSITION TO MOTION TO APPROVE BIDDING PROCEDURES IN CONNECTION WITH MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ANY AND ALL LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)**

Comes now Jumbo Seafood Restaurant, Inc. ("Jumbo Seafood"), holder of a possessory interest in the asset at issue *sub judice*, by and through undersigned counsel, and in opposition to the Motion to Approve Bidding Procedures in Connection with Motion to Sell Real Property Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363(f) (the "Motion," as found at DE #119) states as follows:

**I.    Introduction**

The Chapter 7 trustee (the "Trustee") wants to hold a Potemkin auction at which credit bidding is forbade and cash participants are barred from entering the fray if they do not participate in the first round of bidding. Such may make for good theater, as Jake Gittes is led away in the background, but such is scantly a true auction designed to achieve the highest and best offer for a famed parcel of real estate in the heart of the District of Columbia (the "Property").

1

## II. Argument: Credit Bidding and Second Round Bidding Should be Allowed

For want of ambiguity, Jumbo Seafood does not object to the Property being auctioned. Nor does Jumbo Seafood object to the Property being auctioned on May 15, 2024. And while Jumbo Seafood does believe the auction should be conducted in open court, on the record, Jumbo Seafood does not vehemently object to bids being called in a virtual anteroom. But if an auction is going to be had, the auction ought to be designed to maximize value to the estate of Cheng & Company L.L.C. (the "Debtor"). The Trustee's proposed procedures fall well short of doing so.

Familiarly, a Section 363 auction should be designed to ". . . optimize the prospect of maximizing the surplus to the estate." *In re Las Cruces Country Club, Inc.*, 585 B.R. 239, 248 (Bankr. D.N.M. 2018). "The touchstone of an auction sale is the presence of competitive bidding." *In re Victory Corrugated Container Corp. of New Jersey*, 183 B.R. 373, 376 (Bankr. D.N.J. 1995) (citing *Bassford v. Trico Mortg. Co.*, 641 A.2d 1132, 1134 (N.J. Super. 1993)).

Here, the Trustee – inexplicably – wishes to bar credit bids at the auction. Motion, DE #119, at ¶ 9(o). This defies reason. If a secured creditor – who will be paid out of auction proceeds in any event – wishes to credit bid, such will require a lessened capital outlay from a party in interest while simultaneously working to drive up the bidding process. The liens securing the Property are not readily in dispute and the claims of those lienholders are easily ascertainable. If the first lienholder wishes to credit bid and cover any surplus with cash, such is a boon to the Debtor's estate; if the second lienholder wishes to pay cash equal to the first lien and then credit bid, such is, too, a boon to the Debtor's estate. Disallowing credit bidding only serves to hamper the prospects of two parties, each exceedingly familiar with the Property, entering the fray.

Similarly, the Trustee wishes to bar bids from anyone who does not submit an opening bid. While this is sensible if no one tops the stalking horse bid and there is accordingly no apparent

need for an auction, this is not sensible in any other construct. If a party wishes to post the required deposit (and, to be sure, Jumbo Seafood does *not* object to the required deposit or the timing of the deposit), watch early bidding from the sidelines, and then enter the process, such is a wholesale benefit to the Debtor's estate. Requiring parties to make pre-auction bids only serves to accelerate an already-compacted process and quell bidding from those who may not be inclined to show the Trustee their proverbial cards in advance.

The Property is an iconic parcel in an iconic neighborhood in an iconic city. If the Trustee wishes to auction the Property, such is very much his prerogative. But if there is going to be an auction, it should be open, fair, and designed to fetch the highest and best price – not closed, convoluted, and designed to minimize the number of paddles in the room. Allowing credit bidding, and permitting late round entries from qualified bidders, are two surefire ways to achieve these ends.

### III.     Conclusion

WHEREFORE, Jumbo Seafood respectfully prays this Honorable Court (i) deny the Motion or, in the alternative; (ii) grant the Motion on the express conditions that the Trustee permit credit bidding and late-round entry bidding; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 30, 2024    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Jumbo Seafood Restaurant, Inc.*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of April, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig