The order below is hereby signed.

Signed: May 6 2024

Elizabeth L. Gunn
U.S. Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | 23-00104-ELG |
| CHENG & COMPANY L.L.C., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CONSENT ORDER APPROVING
APPROVE BIDDING PROCEDURES IN CONNECTION WITH
MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ANY AND ALL
<u>LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)</u>
(619 H Street, N.W., Washington D.C. 20001)**

Upon consideration of the *Motion to Sell Property Free and Clear of Any and All Liens and Interest Pursuant to 11 U.S.C. § 363(f)* (the "Motion," Docket No. 114) filed by Wendell W. Webster, Chapter 7 trustee (the "Trustee") of the estate of Cheng & Company L.L.C. (the "Debtor"), and the consent thereto, on the terms set forth below, of Jumbo Seafood Restaurant, Inc., as evidenced by the signature of counsel below, it is, by the United States Bankruptcy Court for the District of Columbia, hereby

ORDERED, that the Motion is GRANTED, and it is further

ORDERED, that the $4,250,000.00 bid of MR 619 H Street A LLC or its assigns (the "Purchaser"), pursuant to the contract ("Contract") attached to the Sale Motion (defined below) is hereby APPROVED as a stalking-horse bid for the Debtor's property located at 619 H Street, N.W., Washington D.C. 20001 (the "Property"), pursuant to bidding procedures outlined below, and it is further

ORDERED, that the following bidding procedures in connection with the Motion to Sell Property Free and Clear of Any and All Liens and Interest Pursuant to 11 U.S.C. § 363(f) (the "Sale Motion") are APPROVED

a) A bid submitted will be considered a qualified bid and the potential bidder will be considered a qualified bidder (a "**Qualified Bid**" and "**Qualified Bidder**," respectively), only if the bid is submitted by a bidder that in the Trustee's business judgment, in consultation with their advisors, is submitted seven days before the Sale Hearing (the "Bid Deadline")[1], and complies with all of the following requirements:

b) The bid states that the potential qualified bidder offers to purchase, in cash, the Property upon the terms and conditions that the Trustee in his business judgment, in consultation with their advisors, reasonably determine are no less favorable to the estate than those set forth in the Contract;

c) The bid includes a signed writing that the potential qualified bidder's offer is irrevocable until the selection of the bidder with the highest bid (the "Successful Bidder"), provided that if such potential qualified bidder is selected as (A) the Successful Bidder, its offer shall remain irrevocable until the earlier of (i) the date the Sale Order is entered if the sale transaction with such potential qualified bidder is denied, or (ii) the date that is thirty (30) days after the Sale Hearing, or (B) the Next Best Bidder (as defined below), its offer shall remain irrevocable until the earlier of (i) the closing of the sale to the Successful Bidder, (ii) the date that is sixty-five (65) days after the Sale Hearing;

d) There are no conditions precedent to the potential qualified bidder's ability to enter into a definitive enforceable agreement and that all necessary internal

---

[1] Alternatively, bidders may participate in the auction if they (a) by May 8, 2024, (i) pay $200,000 to the Escrow Agent, and (ii) provide written evidence of a firm, irrevocable commitment for debt or equity financing, or other evidence of ability to consummate the proposed sale transaction, that will allow the Trustee in his business judgment, in consultation with his advisors, to make a determination as to the bidder's financial and other capabilities to purchase the Property for $4.35 million; and (b) by May 14, 2024 at 12:00 p.m. EST provide a Bidder Contract compliant with all other requirements of these bid procedures.

2

and shareholder approvals have been obtained prior to the Bid Deadline; and there are no conditions precedent (due diligence, financing, or otherwise) to the closing of the Transaction, other than conditions precedent consistent with those set forth in the Contract;

e) The bid includes a duly authorized and executed copy of an asset purchase agreement (an "**Bidder Contract**"), including the purchase price for the Property (the "**Proposed Purchase Price**"), together with all exhibits and schedules thereto, together with copies marked to show any amendments and modifications to the Contract;

f) The bid includes written evidence of a firm, irrevocable commitment for debt or equity financing, or other evidence of ability to consummate the proposed sale transaction, that will allow the Trustee in his business judgment, in consultation with his advisors, to make a determination as to the bidder's financial and other capabilities to consummate the sale transaction contemplated by the Bidder Contract;

g) The bid has value to the estate that is greater than or equal to (i) the $4,250,000 consideration provided by the Purchaser, plus (ii) $50,000 (the "**Breakup Fee**"), plus (iii) $50,000 (the "**Initial Overbid**");

h) The bid includes an acknowledgement and representation that the potential qualified bidder: (i) has had an opportunity to conduct any and all required due diligence regarding the Property prior to making its bid; (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Property in making its bid; (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Property or the completeness of any information provided in connection therewith or with the auction, except as expressly stated in the Bidder Contract; and (iv) is not entitled to and waives any right to assert a claim for any expense reimbursement, breakup fee, or similar type of payment in connection with its due diligence and bid;

i) The bid includes evidence, in form and substance reasonably satisfactory to the Trustee of authorization and approval from the potential qualified bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Bidder Contract, and any amendments thereto negotiated or occasioned by its participation in the Auction;

j) The bid is accompanied by a good faith deposit in the form of a wire transfer (to the Trustee's counsel (the "**Escrow Agent**")), certified check or such other form acceptable to the Trustee, payable to the order of the Escrow Agent in the amount of Two Hundred Thousand Dollars ($200,000.00) (the "**Good**

3

**Faith Deposit**"), which shall be forfeited in the event the bidder is selected as the Successful Bidder or Next Best Bidder and fails to complete the sale transaction as required;

k) The bidder commits to supplement the bid with other information reasonably requested by the Debtors before or after the Bid Deadline;

l) The bid is received by the relevant parties set forth in the Bidding Procedures prior to the Bid Deadline; and

m) Such bidder consents to these Bidding Procedures and to the core jurisdiction of the Bankruptcy Court and waives any right to a jury trial in connection with any disputes relating to the Auction, the sale and the construction and enforcement of the applicable Bidder Contract. Such bidder consents to entry of final judgments and order by the Bankruptcy Court concerning their bid and the Auction.

n) The bidder agrees that bidding will occur in $50,000 increments. Any bid that is not topped within 10 minutes may, in the Trustee's discretion, be deemed accepted. If the Trustee does not receive any $50,000 overbids, the Trustee, may, in his discretion, ask for smaller overbids.

o) No creditor shall be entitled to credit bid at the Auction, except credit bidding allowed on the lien of United Bank or its successors and assigns."

p) The Good Faith Deposits of all Qualified Bidders shall be held by the Escrow Agent in a separate account for the estate's benefit. If a Successful Bidder or Next Best Bidder fails to consummate an approved Transaction because of a breach or failure to perform on the part of such Successful Bidder or Next Best Bidder, such Successful Bidder or Next Best Bidder's Good Faith Deposit will be forfeited to the estate. Any disputes with respect to the transfer of the Good Faith Deposits shall be resolved by the Bankruptcy Court; and it is further

ORDERED, that in the event that the Purchaser is not ultimately the buyer of the Property for any reason other than its own breach of the Contract after it has been approved as the Successful Bidder or the Next Best Bidder, then the Purchaser shall be allowed an administrative expense for its breakup fee, pursuant to 11 U.S.C. § 363 and 503, in the amount of $50,000.00, which shall be paid upon the sale of the Property.

**END OF ORDER**

WE ASK FOR THIS

/s/ Maurice B. VerStandig
 Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Jumbo*
*Seafood Restaurant, Inc.*

/s/ Justin Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*