**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | 23-00104-ELG |
| CHENG & COMPANY L.L.C., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| ) | |

**FIRST AND FINAL APPLICATION OF**
**MCNAMEE HOSEA, P.A. FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

McNamee Hosea, P.A. ("McNamee Hosea"), counsel to Wendell W. Webster, Chapter 7 Trustee (the "Trustee"), for Cheng & Company, L.L.C. (the "Debtor"), files this *First and Final Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* (the "Application"), pursuant to 11 U.S.C. §§ 327, 330 and 331 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). McNamee Hosea seeks for the period of August 16, 2023, to June 24, 2024, in the amount of $35,000.00 as compensation for services rendered, and in the additional amount of $863.07 for reimbursement for out-of-pocket expenses for a total amount of $35,863.07.

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

---

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (D.C. Bar MD21201)
McNamee Hosea et al.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Telephone: (301) 441-2420
Facsimile: (301) 982-9450
*Counsel for the Chapter 7 Trustee*

## THE CASE

2. This case commenced on June 19, 2022, when the Debtor filed a voluntary chapter 11 petition. The Debtor converted to Chapter 7 on October 12, 2022.

## THE TRUSTEE'S ENGAGEMENT OF MCNAMEE HOSEA

3. On August 16, 2023, the Trustee filed his Application to Authorize Retention of Counsel Pursuant to 11 U.S.C. § 327 (the "Application to Employ") [Dkt. No. 76].

4. On September 12, 2023, the Court entered an order granting the Application to Employ [Dkt. No. 16] effective August 16, 2023. The order authorizing retention of McNamee Hosea states that McNamee Hosea may apply to the Court for compensation.

## THE REPRESENTATION

5. The Court is familiar with the history of this case, as are all major creditors, so this case's lengthy history will not be rehashed here. Briefly, the Trustee:

   a. Sold fully encumbered real property pursuant to a Carveout for $7,400,000.00

   b. Obtained the turnover of a forfeited deposit from a previous purchaser's attempt for the property in the amount of $200,000.

   c. Negotiated the collection of rent and agreed settlement of the Debtor's tenant.

   d. Negotiated with the Debtor's senior secured lender to allow until June 2024 to sell the Property, resulting in a consent order regarding that lender's motion for relief from stay.

   e. Conducted a robust auction for the benefit of creditors, resulting in over 40 overbids, and a $3.15 million increase in the purchase price.

   f. Obtained an approximately $80,000 carveout for the estate.

## CREDITORS

6. While unsecured claims in this case are small, the Trustee expects they will be paid in full.

## PRIOR APPLICATIONS FOR COMPENSATION

7. This is the first and final application for compensation filed by McNamee Hosea.

## INFORMATION REQUIRED BY RULE 2016

8. As required by Federal Rule of Bankruptcy Procedure 2016, McNamee Hosea discloses that it has not received a retainer. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein. There is no understanding between McNamee Hosea and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

## MCNAMEE HOSEA'S REPRESENTATION OF THE TRUSTEE

9. The representation of the Trustees was primarily performed by Justin P. Fasano. The services of additional professionals were utilized on an as-needed basis for specific projects.

10. The hours devoted by McNamee Hosea during the Application Period for the Trustee, the hourly rate for each professional and the resulting fees (excluding reductions made in the exercise of McNamee Hosea's billing discretion) are as follows: McNamee Hosea provided a broad range of services to the Trustees during the Application Period.

| Name | Position | Year Admitted | Hours | Hourly Rate | Fees Earned |
|---|---|---|---|---|---|
| Janet M. Nesse | Principal | 1981 | 0.3 | $525.00 | $157.50 |
| Justin P. Fasano | Principal | 2007 | 88.4 | $400.00 | $35,360.00 |
| Kevin R. Feig | Associate | 1998 | 2.3 | $325.00 | $747.50 |
| Cynthia Martin | Paralegal | | 1.3 | $140.00 | $182.00 |
| Meagan E. Evans | Paralegal | | 4.0 | $115.00 | $460.00 |
| SUBTOTAL | | | | | $36,907.00 |
| DISCOUNT | | | | | $1,907.00 |
| TOTAL | | | | | $35,000.00 |

## SUMMARY OF SERVICE PROVIDED

11.     Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate counsel for all actual, necessary services rendered by such attorneys and paraprofessionals employed by them based on the nature, extent and value of the services rendered, the time spent on such services and the cost of comparable services in other cases.  The Court may also award reimbursement for all actual, necessary expenses incurred.

12.     Courts frequently look to the "lodestar" formula in assessing attorney's fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the attorneys' and paraprofessionals' reasonable rates.  The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals.  Perdue v. Kenny A., 130 S. Ct. 1662 (2010)

13.     Bankruptcy courts often consider the specific lodestar factors set forth in Johnson v. Georgia Highway Express, Ltd., 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977).  The United States Court of Appeals for the Fourth Circuit adopted the Johnson tests in Barber v. Kimbrells, Ltd., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S.

934 (1978). In <u>Anderson v. Morris</u>, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should apply the lodestar approach, which encompasses the <u>Johnson</u> factors (a) and (e) as set forth below, and then adjust the fee with the guidance of the remaining <u>Johnson</u> factors. The following are the <u>Johnson</u> factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill required to properly perform the legal services;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

<u>Johnson</u>, 488 F.2d at 717-719; <u>Barber</u>, 577 F.2d at 226 n.28; <u>Anderson</u>, 658 F.2d at 248 n.2.

14. McNamee Hosea submits the following lodestar and <u>Johnson</u> factor analysis in support of its request for allowance of fees and disbursement.

    a. **The time and labor required**. The time and labor required of McNamee Hosea in connection with its representation of the Trustee is set forth in the time records attached hereto as **Exhibit A**. The amount of compensation sought through this

Application is the "lodestar" amount, derived from the hours actually billed on this matter, as reflected in **Exhibit A**.

      b.      **Novelty and difficulty of the questions involved and skill applied**. McNamee Hosea submits that the skill and competency level required of Chapter 7 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys. This representation had significant difficulties because of the over-encumbered nature of the Property, a non-paying and litigious tenant, language barriers, and a temporary drop in value of the Property when the Wizards and Capital announced their move to Alexandria.

      c.      **The preclusion of other employment by the firm due to acceptance of this case**. McNamee Hosea was not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustees herein.

      d.      **The customary fee for similar work**. McNamee Hosea submits that the fees sought herein are warranted, are equal to its customary fees, and are generally less than or equal to competitive fees in the Washington, D.C. legal market for firms with comparable practices given the nature of these proceedings.

      e.      **Whether the fee is fixed or contingent**. Pursuant to the Bankruptcy Code, all fees sought by McNamee Hosea are subject to final approval of this Court. The fees charged by McNamee Hosea were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court. However, to

6

the extent the sale was not consummated, there could have been little to no funds available to pay McNamee Hosea.

   f. **Time limitations imposed by the client or circumstances**.  McNamee Hosea was not burdened by any unusual time limitations.

   g. **The amounts involved and the results obtained**.  McNamee Hosea submits that its rendition of services to the Trustee have precipitated good and economic results for the estate and the creditors.  McNamee Hosea seeks no increment above the "lodestar" amount of its fees on account of the results it achieved during the period covered by this Application.

   h. **Experience, reputation and ability of attorneys**.  McNamee Hosea attorneys have extensive experience dealing with bankruptcy trustee, Chapter 7, and bankruptcy litigation matters.  McNamee Hosea submits that Justin Fasano is generally well-regarded among his peers, and enjoys a favorable reputation.

   i. **The "undesirability" of the case**.  Although this case should not be considered "undesirable," it has presented a number of challenges, including lack of readily available funds, complexity, and language barriers.  McNamee Hosea has met these challenges and the case continues to move forward successfully.

   j. **The nature and length of the firm's professional relationship with the client**.  McNamee Hosea has represented the Trustee with respect to this case since its appointment as bankruptcy counsel in August 2023.  McNamee Hosea has represented the Trustee on other unrelated matters since 2020.

      **k.**    **Awards in similar cases**.  The compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to trustees in cases bearing similarity to this case.

## FURTHER APPLICATION

15.    McNamee Hosea anticipates that no further fee applications will be submitted.

## DISCOUNT

16.    McNamee Hosea is providing the estate a discount of $1,907.00 on its fees, which is 5.16% of its total fees.

## REIMBURSEMENT OF EXPENSES

17.    McNamee Hosea had $863.07 in disbursements during the Application Period.  A summary of expenses incurred is included at **Exhibit A**.  The chart below summarizes the disbursements by category:

|    | **Disbursement Category** | **Cost** |
|----|---------------------------|----------|
| 1. | Postage | $56.97 |
| 2. | Photocopies/ Prints | $262.60 |
| 3. | Locksmith on duty | $125.00 |
| 4. | PACER | $20.50 |
| 5. | Filing Fees (Cai Adversary and Motion to Sell) | $398.00 |
|    | **TOTAL** | $863.07 |

## TOTAL AMOUNT SOUGHT

18. The total services rendered and disbursements made are as follows:

| | |
|---|---:|
| Fees | $35,000.00 |
| Disbursements | $863.07 |
| **Total** | $35,863.07 |

19. In summary, McNamee Hosea believes that the services rendered to the Trustee and the expenses incurred in connection therewith were necessary and reasonable in view of the nature of this case and the number of the matters in which McNamee Hosea was necessarily involved.

**WHEREFORE**, McNamee Hosea, P.A. respectfully requests that this Court enter an Order:

(a) allowing a final award of fees incurred in the amount of $35,000.00;

(b) allowing a final award of expenses incurred in the amount of $863.07;

(c) authorizing the Trustee to pay all amounts awarded above; and

(d) granting such other and further relief which is just and equitable.

Dated: July 2, 2024                                Respectfully submitted

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 2, 2024, I served a copy of the foregoing via first class mail, postage prepaid, upon the following:

Office of the United States Trustee
1725 Duke Street
Alexandria, VA 22314

                                    /s/     Justin P. Fasano
                                    Justin P. Fasano