IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| Cheng & Company, LLC | * | Case No. 23-00104 ELG |
| | | (Chapter 7) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FIRST AND FINAL APPLICATION FOR
ALLOWANCE OF ATTORNEY'S FEES
AND REIMBURSEMENT OF EXPENSES**

The Application of Drescher & Associates, P.A. (the "Applicant"), attorney for Cheng & Company, LLC (the "Debtor"), pursuant to Section 330 of the United States Bankruptcy Code (the "Bankruptcy Code"), respectfully represents:

FACTUAL BACKGROUND

1. The Applicant is Drescher & Associates, P.A., attorney for the Debtor. The Applicant applies for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary costs and expenses incurred by the Applicant in his representation of the Debtor.

2. On April 17, 2023, the Debtor filed a voluntary petition (the "Petition") in this Court seeking relief under Chapter 11 of the United States Bankruptcy Code. Pursuant to Order of this Court dated May 10, 2023, the Applicant was employed as counsel for the Debtor (document no. 12).

Ronald J. Drescher, MD08712
Drescher & Associates, P.A.
10999 Red Run Blvd. Suite 205
PMB 224
Owings Mills, MD 21117
(410) 484-9000
Fax (410) 484-8120
rondrescher@drescherlaw.com

Counsel for Cheng & Company, L.L.C.

3. Services for which compensation is requested by the Applicant were performed for or on behalf of the Debtor.

4. This Application requests interim compensation for professional services performed from April 19, 2023 through November 1, 2023 (the "Application Period").

5. The categories for services rendered by the Applicant during the Application Period included, but are not limited to the following categories of services:

(i) <u>Fees/Employment Applications</u>. Activities in this category include preparing an application to employ counsel, an application to employ a realtor and this instant fee application. Total hours spent in this category during the Application Period were 7.10 for total fees of $2,840.00.

(ii) General Case Administration. Activities involved under this category included preparing for and attending the initial debtor interview, 341 meeting, coordinating with submission of items to the Office of the U.S. Trustee and other general matters. Total hours spent in this category during the Application Period were 23.70 for total fees of $9,480.00.

(iii) <u>Litigation</u>. Activities in this category concentrated on matters concerning various motions filed by United Bank and the US Trustee's motion to dismiss/convert. Total hours spent in this category during the Application Period were 18.10 for total fees of $7,240.00.

(iv) <u>Petition/Schedules</u>. Activities in this category include post-petition preparation of a statement of equity security holders. Total hours spent in this category during the Application Period were 0.40 for total fees of $140.00.

(v) <u>Plan</u>. Activities in this category include preparing a plan of liquidation concerning Debtor's property on 619 H Street NW in Washington DC, 20001. Total hours spent in this category during the Application Period were 2.0 for total fees of $800.

2

(vi) <u>Property Sale</u>. Activities in this category include efforts to sell the Property, which was the primary thrust of this Chapter 11 case. Total hours spent in this category during the Application Period were 10.90 for total fees of $4,360.00.

(vii) <u>Creditor Matters</u>. Activities in this category include discussion with creditors and reviewing proofs of claims. Total hours spent in this category during the Application Period were .50 for total fees of $200.

The following is a table containing the category-by-category breakdown of fees incurred in this case during the Application Period:

| Category | Hours | Fees |
|---|---|---|
| Fees/Employment Applications | 7.10 | $2,840.00 |
| General Case Administration | 23.70 | $9,480.00 |
| Litigation | 18.10 | $7,240.00 |
| Petition/Schedules | 0.40 | $140.00 |
| Plan | 2.00 | $800.00 |
| Property Sale | 10.90 | $4,360.00 |
| Creditor Matters | 0.50 | $200.00 |
| Totals | 62.70 | $25,160.00 |

Ronald J. Drescher was the only attorney who performed services on behalf of the Debtor. His hourly rate is $400.00.

6. As shown above, during the Application Period, the Applicant devoted 62.70 hours of professional services in connection with this case, for total compensation for services rendered of $25,160.00. The Applicant believes that all of the aforementioned hours of professional service were necessary and beneficial to the estate. The Applicant further believes that such services were performed in a prompt, reasonable and economical manner. Attached hereto as Exhibit A are time records of the Applicant, which outline in detail, the services performed on behalf of the Debtor by the Applicant.

3

7. The actual and necessary costs and expenses incurred by the Applicant during the Application Period total $250 for postage and photocopying for which reimbursement is requested.

Therefore, the total sums requested by Applicant for approval pursuant to this Application are $25,160.00 for compensation for services rendered and $250.00 for reimbursement of expenses, for a total sum due of $25,410.00.

8. The Applicant requests that this Court enter an Order authorizing the payment to the Applicant of any unpaid amount which this Court may award the Applicant.

VALUATION OF SERVICES

The authority of this Court to award compensation to legal counsel employed in a bankruptcy proceeding arises under and is controlled by section 330 of the Code which provides, inter alia, that such awards are to be based on the time, nature, and necessity of such services, as well as the complexity and importance of the services. Section 330 specifically requires an analysis of the following factors: (1) the time spent on such services; (2) the rates charged for such services; (3) the necessity of the services to the administration of the estate based on the view at the time the services were rendered; (4) the amount of time spent on the services with respect to the complexity, importance and nature of the matter; and (5) the customary fee.

Prior to the enactment of the Bankruptcy Reform Act of 1994, courts frequently require petitioning attorneys to justify the fees they are requesting based on a "lodestar" analysis. In re Bernard Hill, Inc., 133 B.R. 61 (Bankr. D. Md. 1991). Under this analysis, consideration is given to the number of hours of services reasonably devoted to the case multiplied by attorneys' and paralegals' reasonable hourly rates, as well as to whether the quality of representation afforded the client warrants an upward adjustment of this lodestar amount.

This approach was also adopted by the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F. 2d 216 (4th Cir. 1978), cert. denied, 439 U.S. 934 (1978), applying criteria which was originally enumerated in the leading case of Johnson v. Georgia Highway Express, Inc., 488

4

F.2d 714 (5th Cir. 1974).  Later, in <u>Anderson v. Morris</u>, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit explained that courts should calculate the lodestar amount, based on two of the <u>Johnson</u> factors, and then consider an upward "quality" adjustment of the fee on the basis of the remaining ten <u>Johnson</u> factors.  A focus on the factors to be considered includes:

(1) <u>Time and Labor Required</u>.  The time spent in representing the Debtor was necessary to this bankruptcy proceeding.  The time and labor devoted to each task was both appropriate and necessary given the nature of this case and each particular task.  The Applicant has negotiated with creditors and their counsel, discussed the various alternatives with the Debtor, and performed various other tasks which have been necessary to the administration of this case.

(2) <u>Rates Charged for Services</u>.  The rates charged are customary and in accordance with the legal skill and experience reasonably required of the attorney performing the service. The Applicant is an experienced bankruptcy practitioner and the billing rate of $400 per hour is extremely reasonable in light of Applicant's skill and experience.

(3) <u>Necessity to Administration of the Estate</u>.  The services performed were necessary to the administration of the estate.  It was necessary for the Debtor to retain counsel to represent it in this bankruptcy proceeding.

(4) <u>Performance of Services Within A Reasonable Time</u>. Representation of the Debtor has required a high degree of skill and experience.  The Applicant has attempted to achieve results with as minimal time required for the task.

(5) <u>Customary Fees</u>.  The fees requested herein are reasonable and are in line with those currently, customarily awarded in similar bankruptcy cases in this jurisdiction and in line with fees charged by other skilled bankruptcy practitioners.

(6) <u>Other Relevant Factors</u>.  The Applicant performed highly complex services on an expedited basis and has attempted at all times to minimize the legal services charged to the Debtor$.

## CONCLUSION

The foregoing analysis establishes that the Applicant is entitled to both the requested allowance of compensation for professional services rendered and the reimbursement of actual and necessary costs and expenses incurred by him in connection with this proceeding.

WHEREFORE, the Applicant requests that this Court enter an Order:

A. Granting this Application in its entirety;

B. Allowing the Applicant interim compensation for professional services rendered in this proceeding in the amount of $25,160.00 for compensation for services rendered and $250.00 for reimbursement of expenses, for a total award of $25,410.00;

C. Authorizing the payment of such sums immediately from the retainer counsel received that the commencement of this case; and

D. Granting such other and further relief as this Court deems just and proper.

/s/Ronald J. Drescher
Ronald J. Drescher
Drescher & Associates, P.A.
10999 Red Run Blvd. Suite 205
PMB 224
Owings Mills, MD 21117
(410) 484-9000
Fax (410) 484-8120
rondrescher@drescherlaw.com
Counsel for Cheng & Company, L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th__ day of July, 2024, I caused copies of the foregoing Application For Allowance Of Attorneys' Fees And Reimbursement Of Expenses, Notice of Application and proposed order to be served by the Court's ecf system and all parties in interest as indicated on the attached matrix.

/s/Ronald J. Drescher
RONALD J. DRESCHER