Office of United States Trustee
Sara Kathryn Jackson
Trial Attorney, NC Bar # 55280
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-0423
sara.kathryn.jackson@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** <br><br> **CHENG & COMPANY, LLC,** <br><br> **Debtor.** | Case No. 23-00104 - ELG <br><br> Chapter 7 |

### LIMITED OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO DRESCHER & ASSOCIATES'S FEE APPLICATION

Gerard R. Vetter, the Acting United States Trustee for Region 4 (the "U.S. Trustee"), by and through his undersigned counsel, hereby files this limited objection to the First and Final Application of Drescher & Associates, P.A. (the "Firm") and Ronald Drescher ("Mr. Drescher" or "counsel") as Bankruptcy Counsel to the Former Chapter 11 Debtor in Possession, For Final Allowance and Authorization of Compensation and Reimbursement of Expenses ("Fee Application") (Doc. No. 143). In support of his objection, the U.S. Trustee represents and alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1). Venue is proper in this district under 28 U.S.C. § 1408.

2. Pursuant to 11 U.S.C. § 307, the U.S. Trustee for Region 4, which includes the District of Columbia, under 28 U.S.C. § 581(a)(7), has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

3. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, he is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring applications filed under section 327 of title 11. 28 U.S.C. § 586(a)(3)(I).

## FACTUAL BACKGROUND

4. The Debtor previously owned or is in the process of closing on certain real property located at 619 H Street NW, Washington, DC 20002 (the "Property"). The Property is a commercial space with two restaurant spaces.

5. On April 17, 2023, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On May 3, 2023, the U.S. Trustee filed an objection to the Firm's employment application for failure to properly disclose pre-petition payments and amounts held in trust for a retainer. Dkt. No. 23.

7. On May 3, 2023, after the objection was filed, Mr. Drescher remedied the issues presented in the U.S. Trustee's objection by filing a response and an amended disclosure of compensation. Dkt. Nos. 24 and 25.

8. On July 26, 2023, the case was converted to chapter 7. Dkt. No. 69.

9. On July 9, 2024, the Firm filed their Final Application for Compensation seeking $25,160.00 in fees and $250.00 in expenses. Dkt. No. 143.

## ARGUMENT

### Post-Conversion Fees Improper and Should be Denied

10. The Supreme Court in its 2004 opinion of *In re Lamie* held that when a bankruptcy court converts a case from Chapter 11 to Chapter 7 and appoints a Chapter 7 trustee, "this [action] terminate[s] [the debtor's] status as debtor-in-possession and so terminates[s] [counsel's] service under § 327 as an attorney for the debtor-in-possession." *In re Lamie*, 540 U.S. 526, 532, 124 S. Ct. 1023 (2004). And therefore, "[a]ny services performed after [the conversion date], even if they related to the Chapter 11 case for which [counsel] had been duly appointed are not compensable from estate funds because [counsel] was no longer authorized under § 327." *In re CK Liquidation Corp.*, 343 B.R. 376, 385 (D. Mass. 2006); *see also In re Flying Roadrunner, Inc.*, Case No. 2015 WL 1344445, at *10–11 (Bankr. W.D. Pa. Mar. 20, 2015).

11. In this case, the Firm impermissibly billed numerous entries for services rendered after the date of conversion. These billing instances should be disallowed as improper and unnecessary. Post-conversion billing totals 11.2 hours under "General Case Administration"; 5.5 hours under "Litigation"; and 0.7 hours under "Property Sale" for a total of 17.4 hours.

12. The Court should deny all fees for services performed after the date of conversion.

### Reasonableness and Necessary Services and Actual Expenses

13. The award of professional fees in a bankruptcy proceeding is governed by section 330 of the Bankruptcy Code, which provides that a Court may award "reasonable compensation for actual, necessary services" rendered by an attorney and by any professional or paraprofessional employed by such attorney. 11 U.S.C. § 330(a)(1)(A).

14. In determining reasonableness, the court may consider (i) the time spent, (ii) the rates charged, (iii) whether the services performed were necessary or beneficial to the completion

of the case, (iv) whether the time spent on the services were "commensurate with the complexity, importance, and nature of the problem, issue, or task addressed," (v) the skill of the person seeking compensation, and (vi) whether the compensation sought is reasonable "based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(3).

15. Moreover, under § 330(a)(4), the court may disallow compensation for either unnecessary or duplicative services or services that were not reasonably likely to benefit the estate or necessary to the administration of the estate.

16. Last, it is the position of the U.S. Trustee, as supported by case law, that counsel is not entitled to fees as an administrative claim for services rendered after a Chapter 11 Debtor's case is converted to Chapter 7.

17. "The party requesting the fees has the 'burden of proof as to entitled to and reasonableness of' those fees." *In re Village Apothecary, Inc.*, 45 F.4th 940, 946 (6th Cir. 2022) (quoting *In re McLean Wine Co.*, 463 B.R. 838, 846 (Bankr. E.D. Mich. 2011)). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or for use by the debtor." *In re Ellipso, Inc.*, 462 B.R. 241, 252 (Bankr. D.D.C. 2011) (quoting *In re Williams*, 378 B.R. 811, 822 (Bankr. E.D. Mich. 2007)).

18. "In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a lodestar'—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any

adjustments warranted to the lodestar." *In re Taiwo*, No. 20-00157, 2021 WL 850533, at *4 (Bankr. D.D.C. Mar. 5, 2021) (citations omitted).

19. "If the hours and rates are reasonable, then the fees are compensable under § 330(a)(4), but the bankruptcy court may still (in its discretion) reduce those fees under § 330(a)(3)." *In re Village Apothecary, Inc.*, 45 F.4th at 952.

20. "In determining whether to grant an application for compensation for attorneys' fees, 'courts objectively consider whether the services rendered were reasonably likely to benefit the estate from the perspective of the time when such services were rendered." *In re Ellipso, Inc.*, 462 B.R. at 252 (quoting *In re Value City Holdings, Inc.*, 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010)).

21. "To be sure, when determining the amount of reasonable compensation to be awarded under Section 330, a bankruptcy court may 'not determine 'reasonableness' through hindsight' because a 'decision reasonable at first may turn out wrong in the end.' Instead, '[t]he test is an objective one, and considers "what services a reasonable lawyer or legal firm would have performed in the same circumstances."' *In re Tribeca Mkt., LLC*, 516 B.R. 254, 276 (S.D.N.Y. 2014) (internal citations omitted).

22. "[B]ankruptcy courts have wide discretion in awarding compensation to attorneys, trustees, and professionals so long as it is reasonable." *In re Mkt. Ctr. E. Retail Prop., Inc.*, 730 F.3d 1239, 1246 (10th Cir. 2013) (quotation and citations omitted).

23. Section 330 provides the court with authority to "award compensation that is less than the amount of compensation that is requested." § 330(a)(2).

24. The Firm requests $250 for expenses but the billing records only show $100 for expenses. The Court should limit the expenses requests to amounts actually spent and nothing more.

25. The Firm also requests fees for services and other billing entries that the estate should not burden to pay.

    a. Mr. Drescher had an incomplete employment application that failed to properly disclose all necessary information. The U.S. Trustee reached out to counsel about the issues prior to filing an objection and when such issues were not remedied, had to file an objection to employment. The Debtor's estate should not be responsible for paying for counsel's mistakes. As such, the time entries dealing with Mr. Drescher's employment deficiencies should be disallowed. According to the billing, that consisted of 2.0 hours. Counsel's fees of 2.0 hours should be disallowed as not benefiting the estate and not reasonable for an experienced bankruptcy practitioner.

    b. Mr. Drescher billed the estate 3.6 hours for attempting to prepare operating reports for the debtor that were never filed. At the hearing on the U.S. Trustee's Motion to Dismiss or Convert on July 26, 2023, counsel complained about being unable to figure out the form. Counsel should have exercised billing discretion in this instance and such costs should be borne by the estate.

    c. Mr. Drescher included a billing entry for July 17, 2023, that describes "telephone conference with realtor re denial of approval by court" and billed at 0.3. There does not appear to be a docket entry indicating that there was a hearing around July 17, 2023, whereby the Court denied the realtor's employment application. Rather, the

employment of the realtor was disposed of during the July 26, 2023, hearing on the motion to dismiss or convert as moot. This may be an entry for another bankruptcy case but it is not clear that this was work for this case.

26. The Court should deny fees for the services that did not benefit the estate.

27. Again, it is on the burden of the applicant to prove that the amount of time spent on these was necessary and reasonable.

WHEREFORE, the U.S. Trustee respectfully requests that this Court to deny, in part, the Fee Application and reduce the fees awarded by at least $9,320.00 and reduce expenses by $150.00 for such other and further relief as may be equitable and just.

July 29, 2024

GERARD R. VETTER, III
ACTING U.S. TRUSTEE, REGION 4

By: */s/ Sara Kathryn Jackson*
Sara Kathryn Jackson
Trial Attorney, NC Bar # 55280
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-0423 (Direct Dial)
(202) 841-8501 (Office Cell)
sara.kathryn.jackson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2024, I caused a true copy of this objection was served to be served via the Court's CM/ECF system upon all counsel who have entered an appearance in this case.

- **Nancy L. Alper**    nancy.alper@dc.gov
- **Darrell W. Clark**    darrell.clark@stinson.com, Siobhan.rudolph@stinson.com
- **Ronald Jay Drescher**    rondrescher@drescherlaw.com, 284@notices.nextchapterbk.com
- **Kristen S. Eustis**    Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov
- **Justin Philip Fasano**    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;hleaphart@mhlawyers.com;cmartin@mhlawyers.com;fasano.justinr92003@notify.bestcase.com
- **David V. Fontana**    dfont@gebsmith.com
- **Sara Kathryn Jackson**    sara.kathryn.jackson@usdoj.gov, Robert.W.Ours@usdoj.gov
- **Tracey Michelle Ohm**    tracey.ohm@stinson.com, porsche.barnes@stinson.com
- **Eric M. Rome**    eric@eisenrome.com
- **Kenneth L. Samuelson**    ksamuelson@samuelson-law.com
- **Daniel Staeven**    daniel.staeven@frosttaxlaw.com, kelly.gartrell@frosttaxlaw.com;21024@notices.nextchapterbk.com;21029@notices.nextchapterbk.com;gloria.fairbanks@frosttaxlaw.com
- **U. S. Trustee for Region Four**    USTPRegion04.DC.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**    mac@mbvesq.com, lisa@mbvesq.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email
- **Wendell W. Webster**    wwebster@websterfredrickson.com, DC03@ecfcbis.com
- **Ruiqiao Wen**    ruiqiao.wen@stinson.com

I hereby further certify that the following persons by first class U.S. mail, or by notice of electronic filing:

By first-class mail:

**Cheng & Company LLC**
619 H Street, NW
Washington, DC 20001

*Debtor*

                                  */s/ Robert Ours*
                                  Robert Ours
                                  Paralegal