**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **IN RE:** ) | **23-00104-ELG** |
| **CHENG & COMPANY L.L.C.,** ) | **CHAPTER 7** |
| ) | |
| **Debtor.** ) | |
| ) | |

**TRUSTEE'S CONSENT MOTION TO APPROVE SETTLEMENT FOR
TURNOVER OF PORTION OF REMAINING RETAINER**

Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Cheng & Company L.L.C. ("Debtor"), by and through proposed counsel, McNamee Hosea, P.A., files this *Consent Motion to Approve Settlement and for Turnover of Portion or Remaining Retainer.* (the "Motion")*,* and respectfully submits the following:

1. This case commenced on April 17, 2023, when the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court. Drescher & Associates, P.A. ("Drescher") represented the Debtor while it was in Chapter 11 and was provided a $25,000 retainer, of which part was provided by Jumbo Seafood, Inc.

2. The case converted to Chapter 7 on July 26, 2023. Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.

3. The Debtor was a single-asset real estate entity as defined by 11 U.S.C. § 101(51B). The Debtor's real property was located at 619 H Street, N.W., Washington D.C. 20001 ("Property").

4. Drescher was recently allowed fees and expenses in the amount of $17,430, leaving $7,570 in leftover retainer. Docket No. 148.

5. The Property has now been sold for $7.4 million. There are minimal unsecured claims in the case, which will be paid in full. While the Trustee might otherwise be entitled to a $250,000 commission, he has agreed to significantly discount it so as to enable to sale.

6. The Trustee has agreed to accept the turnover of $3,785.00 (one half of the Remaining Retainer) in full and complete satisfaction of Drescher's obligations to turn over the Remaining Retainer.

**RELIEF REQUESTED**

7. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In turn, Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "'a normal part of the process of reorganization.'" Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).

8. The decision whether to approve a compromise under Rule 9019 is committed to the discretion of the Court, which must determine if the compromise or settlement is fair and equitable. See In re Frye, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the Settlement proposed falls "below the lowest point in the range of reasonableness." In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); see also In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000).

9. Factors the Court should consider when evaluating a settlement under Bankruptcy Rule 9019 include: (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise, including potential difficulties in collection, if any; and (iv) whether the proposed compromise is fair and equitable to the debtor, its creditors, and other parties in interest. See Protective Comm. for Indep. Stockholders, 390 U.S. at 424; In re Frye, 216 B.R. at 174; In re Austin, 186 B.R. at 400; In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (stating that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing criteria set forth above in determination of reasonableness of particular settlements) (internal quotation marks and citation omitted); Official Committee of Unsecured Creditors v. White Plains Joint Venture, 1994 U.S. App. LEXIS 1282, at *10 (4th Cir. Jan. 26, 1994) (compromises are favored in bankruptcy).

10. Basic to the process of evaluating proposed settlements, then, is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 425. But, "the settlement may be approved even if the court finds it likely that the trustee would ultimately succeed in the litigation." In re Austin, 186 B.R. at 400.

11. The settlement here is reasonable and at arms' length, and the result of a productive discussions between counsel. As all unsecured creditors will be paid in full, the only party discounting their payment is the Trustee, who is agreeing to discount his commission. Accordingly, the settlement should be approved.

WHEREFORE, Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Cheng & Company L.L.C. ("Debtor") respectfully requests that the Court enter an order (a) approving the above-described settlement; (b) requiring Drescher to turn over $3,785.00 to

3

the estate; and (c) ordering such other relief as the Court deems appropriate under the circumstances.

Dated:  August 16, 2024                                  Respectfully submitted

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I served a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

/s/ Justin P. Fasano
Justin P. Fasano